OPINION
{¶ 1} Appellant Nicholas K. Ryan appeals his conviction in the New Philadelphia Municipal Court on one count of driving under the influence in violation of R.C. 4511.19(A).
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On August 24, 2002, Appellant was a passenger in a vehicle driven by one Joseph Biddle when Mr. Biddle was stopped and arrested for DUI by Officer Nedrow of the Dover Police Department. Also responding to scene as a back up officer was Officer Hitchcock. Per a discussion with Mr. Biddle and Appellant concerning Mr. Biddle's vehicle, a decision was made to have Appellant, who lived only about four blocks from where the stop occurred, take the keys and walk home and have someone who had not been drinking return for the vehicle. (T. at 5).
 {¶ 4} Officer Hitchcock testified that as he was driving away Appellant appeared to be "milling about the truck area" and did not start walking toward home. (T. at 9). Officer Hitchcock went around the block and as he came back around he noticed that Appellant was now standing at the driver's side door of the truck. Id. He began to walk away when the Officer pulled out of the alley. Id.
 {¶ 5} Officer Hitchcock then drove up the street a few blocks and parked in alley and waited. A short time later Appellant passed by driving Mr. Biddle's truck. Officer Hitchcock turned on his red and blue overhead lights and attempted to initiate a stop of the vehicle. Appellant continued to drive another block and a half until he reached his home, where he pulled the truck into a parking area in front of his house. Officer Hitchcock approached Appellant and asked him why he drove the vehicle after being told repeatedly not to do so, to which he replied that he was just trying to get his friend's truck home. Officer Hitchcock then placed Appellant under arrest for driving while intoxicated. Appellant was then transported to the Dover Police Department where he agreed to submit to a breath test. The results of said test indicated a prohibited concentration of alcohol. As a result, Appellant was charged with one count of R.C. 4511.19(A)(1), one count of R.C. 4511.19(A)(3). Appellant was also charged with failure to wear a seat belt in violation of Dover Ordinance 337.28.
 {¶ 6} On August 29, 2002, Appellant entered a plea of not guilty to the charges.
 {¶ 7} On October 30, 2002, Appellant filed a Motion to Suppress, alleging that the officer did not have probable cause to stop him or to arrest him.
 {¶ 8} On January 6, 2003, a hearing was held on Appellant's Motion to Suppress before a Magistrate. At said hearing, Officer Hitchcock testified that at the initial stop of Mr. Biddle, he could smell a strong odor of alcohol on Appellant's person. (T. at 5-7). Appellant told the officers that he had been drinking also and that he and his friend had been at a bar. (T. at 5, 8, 26). Officer Hitchcock further testified that upon exiting Mr. Biddle's truck, Appellant almost fell onto the curb and then had to grab "onto everything he could get a hold of to get back into the truck." (T. at 6). A videotape of the Biddle stop was also presented at the hearing and was marked and entered as an exhibit.
 {¶ 9} The Magistrate overruled Appellant's Motion to Suppress.
 {¶ 10} By Entries dated June 9, 2003 and December 15, 2003, the trial court approved the decision of the Magistrate.
 {¶ 11} On March 1, 2004, Appellant changed his to plea to from not guilty to no contest. Upon such no contest plea, the trial court found him guilty and sentenced him according to law.
 {¶ 12} Appellant now appeals, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 13} "In a prosecution under RC 4511.19(a)(1) and (a)(3), where the evidence presented at a suppression hearing that the appellant did not engage in any erratic driving prior to being stopped and that no field sobriety tests were performed before the arrest, but that the sole basis for the arresting officer's actions in stopping and arresting the appellant was that duing a brief encounter with the appellant a short time earlier, the appellant appeared to him to be under the influence of alcohol, it was error for the trial court to find that probable cause existed for the arrest."
 I. {¶ 14} In his sole assignment of error, Appellant argues that the trial court erred in overruling his motion to suppress. We disagree.
 {¶ 15} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. State v. Curry (1994), 95 Ohio App. 3d 93, 96; State v.Claytor (1993), 85 Ohio App. 3d 623, 627; State v. Guysinger (1993),86 Ohio App. 3d 592.
 {¶ 16} In the instant appeal, appellant's challenge of the trial court's ruling on his motion to suppress is based on the third method. Accordingly, this court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in this case.
 {¶ 17} Appellant argues that Officer Hitchcock did not have probable cause to stop him nor probable cause to arrest him because he did not witness Appellant engaging in any erratic driving.
 {¶ 18} Before a law enforcement officer may stop a vehicle, the officer must have a reasonable suspicion, based upon specific and articulable facts, that an occupant is or has been engaged in criminal activity. State v. Gedeon (1992), 81 Ohio App.3d 617, 618,611 N.E.2d 972. Reasonable suspicion constitutes something less than probable cause. State v. Carlson (1995), 102 Ohio App.3d 585, 590,657 N.E.2d 591. "[I]f the specific and articulable facts available to an officer indicate that a motorist may be committing a criminal act, * * * the officer is justified in making an investigative stop." Id. at 593,657 N.E.2d 591. The propriety of an investigative stop must be viewed in light of the totality of the circumstances. State v. Bobo (1988),37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of the syllabus. When addressing the question of reasonable suspicion to make a traffic stop, this Court reviews the trial court's determinations de novo. Ornelas v.United States (1996), 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911.
 {¶ 19} The statute upon which Officer Hitchcock relied in making the traffic stop is R.C. 4511.19(A). R.C. 4511.19(A) provides that no person shall operate any vehicle if the person is under the influence of alcohol.
 {¶ 20} Upon review of the record in this matter, we find that Officer Hitchcock noticed a strong odor of alcohol emanating from Appellant; appellant admitted to him that he had been drinking that evening; and Officer Hitchcock observed Appellant exhibiting poor motor skills in exiting and re-entering the vehicle. Officer Hitchcock made these observation only minutes before seeing Appellant drive by in Mr. Biddle's vehicle. These were specific and articulable facts upon which Officer Hitchcock relied in stopping and arresting Appellant.
 {¶ 21} Based on the facts as set forth supra, Officer Hitchcock could have reasonably concluded that Appellant was driving while under the influence of alcohol; therefore, he had reasonable suspicion to stop and arrest Appellant.
 {¶ 22} Accordingly, the trial court did not err in denying Appellant's motion to suppress. Appellant's sole assignment of error is not well-taken and we hereby overrule same.
 {¶ 23} The judgment and conviction of the trial court is affirmed.
Boggins, J. Gwin, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the New Philadelphia Municipal Court, Tuscarawas County, Ohio is affirmed. Costs assessed to Appellant.