OPINION *Page 2 
{¶ 1} Defendant-appellant Lindsay Arthur appeals the May 3, 2008 Judgment Entry of the Delaware County Municipal Court denying her motion to suppress evidence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In the case sub judice, the record transmitted on appeal included a videotape of the hearing on appellant's motion to suppress. No complete written transcript of the motion hearing was provided.[1] Accordingly, we draw the salient facts from those found by the trial court during the suppression hearing. See,State v. Oliver,112 Ohio St.3d 447, 860 N.E.2d 1002, 2007-Ohio-372
at ¶ 1. At that juncture, "the evaluation of evidence and the credibility of witnesses are issues for the trier of fact." State v. Mills (1992),62 Ohio St.3d 357, 366, 582 N.E.2d 972. Appellate courts are bound to accept those facts as true if they are supported by competent, credible evidence. State v. Roberts,110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168, ¶ 100.
 {¶ 3} Officer David Sturman was on duty, was wearing his uniform, and was driving in a marked patrol car during the late evening hours of February 13, 2008 in Delaware County, Ohio. At approximately 11:30 p.m., a citizen informed Officer Sturman at a gas station on London Road in Delaware, that the driver of a large blue vehicle in the vicinity appeared to be intoxicated. Officer Sturman drove along a nearby street looking for the vehicle but did not see one matching the description provided by the citizen. *Page 3 
 {¶ 4} Officer Sturman was familiar, however, with a vehicle like the one described by the citizen. He drove toward the home where he believed its owner resided. While driving near that home, Officer Sturman saw the large blue vehicle traveling at what he believed to be an excessive speed. Officer Sturman stopped his cruiser, checked the speed of the blue vehicle, and determined that it was traveling at 31 mph in a residential area where the speed limit is 25 mph. One of Officer Sturman's colleagues then made a traffic stop of the vehicle.
 {¶ 5} Appellant was the driver of the vehicle, and Jerry Shelton was her passenger. Appellant testified at the suppression hearing that she believed she was traveling 15-20 mph at the time in question. Mr. Shelton likewise testified that he does not believe that appellant was speeding, although he acknowledged that he had had a few drinks that evening and would not have been able to drive a vehicle himself at the time.
 {¶ 6} Appellant was charged with three driving under suspension violations[2] one no valid operator's license violation[3] and speeding.[4] On April 2, 2008, appellant filed a motion to suppress based upon an allegation of an illegal traffic stop. The Delaware Municipal Court held an oral hearing on the motion on April 29, 2008 and entered a judgment entry dated May 3, 2008 denying appellant's motion to suppress.
 {¶ 7} On June 3, 2008, appellant entered a no contest plea to all charges, was found guilty and sentenced as follows: $100 fine and court costs on driving under suspension in violation of R.C. 4510.037(J); 3 days jail, $350 fine, and court costs on *Page 4 
driving under suspension in violation of R.C. 4510.14; $50 fine and court costs on driving under suspension in violation of R.C. 4510.16; and $30 fine and court costs on speeding in violation of Delaware Codified Ordinances 333.03.
 {¶ 8} Appellant has timely appealed raising the following assignment of error:
 {¶ 9} "I. THE TRIAL COURT ERRED BY FINDING THAT APPELLANT'S DRIVING CONSTITUTED REASONABLE AND ARTICULABLE SUSPICION TO BELIEVE A CRIME HAD BEEN COMMITTED AND THUS OVERRULING HER MOTION TO SUPPRESS."
 I. {¶ 10} In her sole Assignment of Error, appellant cites as error the trial court's decision to overrule her motion to suppress the evidence. Specifically, she contends that the officer did not have a reasonable suspicion based upon articulable facts that she was speeding. We disagree.
 {¶ 11} In Whren v. United States (1996),517 U.S. 806, the United States Supreme Court held:
 {¶ 12} "The temporary detention of a motorist upon probable cause to believe that he has violated the traffic laws does not violate the Fourth Amendment's prohibition against unreasonable seizures, even if a reasonable officer would not have stopped the motorist absent some additional law enforcement objective."Whren at 1771. Less than one month later, the Ohio Supreme Court reached a similar decision in City of Dayton v.Erickson (1996), 76 Ohio St.3d 3, 665 N.E.2d 1091. InErickson, the Court stated:
 {¶ 13} "Where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the *Page 5 Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity." Id. at syllabus. However, the Ohio Supreme Court has emphasized that probable cause is not required to make a traffic stop; rather the standard is reasonable and articulable suspicion.State v. Mays,119 Ohio St.3d 406, 894 N.E.2d 1204, 2008-Ohio-4538 at ¶ 23.
 {¶ 14} Based on the above, neither the United States Supreme Court nor the Ohio Supreme Court considered the severity of the offense as a factor in determining whether the law enforcement official had a reasonable, articulable suspicion to stop a motorist. In fact, the Ohio Supreme Court stated that "* * * we conclude that where an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid regardless of the officer's underlying subjective intent ormotivation for stopping the vehicle in question." (Emphasis added.) City of Dayton v. Erickson, supra at 11-12, 665 N.E.2d 1091. See, also, State v. Rice, Fifth Dist. No. 2005CA00242, 2006-Ohio-3703 at ¶ 33-34; State v.Rice (Dec. 23, 1999), 5th Dist. No. 99CA48. If an officer's decision to stop a motorist for a criminal violation, including a traffic violation, is prompted by a reasonable and articulable suspicion considering all the circumstances, then the stop is constitutionally valid. State v. Mays, supra at ¶ 8.
 {¶ 15} In Mays, supra the defendant argued that his actions in the case — twice driving across the white edge line — were not enough to constitute a violation of the driving within marked lanes statute, R.C. 4511.33. Id. at ¶ 15. The appellant further argued that the stop was unjustified because there was no reason to suspect that he *Page 6 
had failed to first ascertain that leaving the lane could be done safely or that he had not stayed within his lane "as nearly as [was] practicable," within the meaning of R.C. 4511.33(A)(1). In rejecting these arguments, the Supreme Court noted, "the question of whether appellant might have a possible defense to a charge of violating R.C. 4511.33 is irrelevant in our analysis of whether an officer has a reasonable and articulable suspicion to initiate a traffic stop. An officer is not required to determine whether someone who has been observed committing a crime might have a legal defense to the charge." Id. at ¶ 17.
 {¶ 16} In this case, the trial court reduced its specific factual findings to writing. In particular, the trial judge determined that Officer Sturman "stopped his cruiser, checked the speed of the blue vehicle, and determined it was traveling at 31 mph in a residential area where the speed limit is 25 mph." (Judgment Entry at 2). While appellant and her passenger testified that appellant was not exceeding the speed limit, the trial judge found "the officer's testimony on this issue to be more credible" than the testimony of appellant and her passenger. (Judgment Entry at 4). The passenger admitted that he had consumed alcohol that evening leaving him unable to drive himself thereby potentially clouding his perceptional abilities. The trial judge concluded, "Officer Sturman's observations gave him reasonable suspicion to believe that the defendant had committed a speeding offense. Sturman's stop of the defendant's vehicle was therefore proper under the Fourth Amendment. . ." (Judgment Entry at 5).
 {¶ 17} The judge is in the best position to determine the credibility of witnesses, and his conclusion in this case is supported by competent facts. See State v. Burnside (2003),100 Ohio St.3d 152, 154-55, 797 N.E.2d 71, 74. The fundamental rule that *Page 7 
weight of evidence and credibility of witnesses are primarily for the trier of fact applies to suppression hearings as well as trials.State v. Fanning (1982),1 Ohio St.3d 19, 20, 437 N.E.2d 583, 584. The Officer's testimony represents competent, credible evidence that appellant was speeding. Therefore, the factual finding of the trial court that appellant was exceeding the speed limit is not clearly erroneous.
 {¶ 18} Reviewing courts should accord deference to the trial court's decision concerning the credibility of the witnesses because the trial court has had the opportunity to observe the witnesses' demeanor, gestures, and voice inflections that cannot be conveyed to us through the written record, Miller v. Miller (1988),37 Ohio St. 3d 71. In Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 81, 461 N.E.2d 1273, the Ohio Supreme Court explained: "[a] reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." See, also State v. DeHass (1967),10 Ohio St.2d 230, syllabus 1.
 {¶ 19} We accept the trial court's conclusion that appellant's violation of the traffic laws gave Officer Sturman reasonable suspicion to stop appellant's vehicle because the factual findings made by the trial court are supported by competent and credible evidence. Thus, the trial court did not err when it denied appellant's motion to suppress on the basis that the initial stop of her vehicle was valid.[5] State v. Busse, Licking App. No. 06 CA 65, 2006-Ohio-7047 at ¶ 20.
 {¶ 20} Accordingly, we overrule appellant's sole assignment of error. *Page 8 
 {¶ 21} The judgment of the Delaware Municipal Court is affirmed.
Gwin, P.J., Wise, J., and Delaney, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, The judgment of the Delaware Municipal Court is affirmed. Costs to appellant.
[1] Neither party submitted in written form any portion of the videotaped transcript with their respective briefs. See, App. R. 9(A).
[2] R.C. 4510.037(J), R.C. 4510.14, and R.C. 4510.16.
[3] R.C. 4510.12
[4] Delaware Codified Ordinances 333.03
[5] Of course, appellant would have been free to argue at trial that the weight of the evidence favored her version of the events. See, State v. Wilson,113 Ohio St.3d 382, 387-88, 2007-Ohio-2202 at ¶ 25-26;865 N.E.2d 1264, 1269-1270. We express no opinion on that issue. *Page 1