[Cite as *State v. Harris*, 2011-Ohio-2511.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                          |   | JUDGES:                     |
|--------------------------|---|-----------------------------|
| STATE OF OHIO            | : | Hon. W. Scott Gwin, P.J.    |
|                          | : | Hon. Sheila G. Farmer, J.   |
| Plaintiff-Appellee       | : | Hon. Julie A. Edwards, J.   |
|                          | : |                             |
| -vs-                     | : |                             |
|                          | : | Case No. 2010-CA-00288      |
| RONALD W. HARRIS         | : |                             |
|                          | : |                             |
| Defendant-Appellant      | : | O P I N I O N               |


CHARACTER OF PROCEEDING:     Criminal appeal from the Canton Municipal
Court, Case No. 2010TRD4680


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     May 23, 2011

APPEARANCES:

For Plaintiff-Appellee

JOSEPH MARTUCCIO
Canton City Law Director
TYRONE D. HAURITZ
Canton City Prosecutor

TYRONE D. HAURITIZ
Canton City Prosecutor

KATIE ERCHICK
Assistant City Prosecutor
218 Cleveland Ave. S.W.
Box 24218
Canton, OH 44701-4218

For Defendant-Appellant

AGATHA MARTIN WILLIAMS
4429 Fulton Drive N.W.
Suite 100
Canton, OH 44718

*Gwin, P.J.*

{¶1}   Appellant Ronald W. Harris appeals the September 9, 2010 Judgment Entry of the Canton Municipal Court, Stark County, Ohio overruling his motion to suppress evidence. Appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   The following facts were found by the trial court in the Judgment Entry overruling appellant's motion to suppress.

{¶3}   Officer Jeff Hothem of the Canton Police Department was on patrol on April 27, 2010, and was assigned to the traffic division. Officer Hothem was patrolling in the Newton zone area of the City of Canton. On April 27, 2010, at approximately 8:29 p.m., Officer Hothem initiated a traffic stop in the area of Brown Street and West Tuscarawas Street in the City of Canton, Ohio. Officer Hothem was traveling south on Brown Street when he observed a red Ford Expedition making a right hand turn from Brown Street onto Tuscarawas Street. Officer Hothem observed that the vehicle did not use its turn signal when making the turn. Officer Hothem testified that he first observed appellant's vehicle when the officer was in the 500 to 600 block of Brown Street.

{¶4}   Once on Tuscarawas Street West, Officer Hothem observed appellant fail to use his left turn signal for a lane change from the right to left lane.  At this time, Officer Hothem initiated a traffic stop of the appellant's vehicle.  Officer Hothem's police cruiser was equipped with working audio and video and one of the two signal violations, as well as the stop of appellant was recorded. A check of appellant's driving status revealed that appellant's license had been suspended in the State of West

Virginia[1]. Appellant was subsequently charged with Driving Under Suspension, a first degree misdemeanor, Hindering/Obstructing an Officer, also a first degree misdemeanor, and Failing to Signal Before Changing Course, a minor misdemeanor.

{¶5} A pre-trial conference was scheduled for April 5, 2010 and was then continued on appellant's request until April 12, 2010, then continued again per agreement of the parties until June 2, 2010, and subsequent to that pre-trial conference a second pre-trial conference and a jury trial were set for July 7, 2010 and July 9, 2010, respectively. The jury trial was continued twice on appellant's request and ultimately set for September 30, 2010.

{¶6} On August 18, 2010, appellant filed a motion to suppress, arguing that Officer Hothem had no reasonable and articulable suspicion to stop appellant's vehicle and that the stop was a result of profiling. (Defendant's Motion to Suppress, filed August 13, 2010 at 1).

{¶7} On September 8, 2010, the trial court held a hearing on the motion to suppress. Appellant, Officer Hothem and appellant's expert witness, Bernard Richards, Ph.D. testified. On September 9, 2010, the trial court issued a written judgment entry overruling the motion to suppress.

---

[1] R.C. 4510.61, otherwise known as the Driver License Compact, is an agreement entered into by various states to ensure compliance with motor vehicle laws by out-of-state drivers. The compact provides for reporting convictions of enumerated offenses of out-of-state drivers back to that driver's home state. Pursuant to R.C. 4510.61, Article IV, the Driver License Compact requires that when an Ohio licensee is convicted out-of-state then the state of Ohio, for purposes of suspension or revocation of the Ohio driver's license, shall treat the conviction as if it had occurred in Ohio. The obvious rationale for this provision is that if an Ohio licensee incurs a traffic offense in another state, any suspension of his or her right to drive in that state will be, in most cases, no suspension at all and the Ohio licensee will be unaffected. By treating the out-of-state infraction as if it occurred in Ohio, the non-resident state is assured that a suspension will be imposed in Ohio.

**{¶8}** On September 29, 2010, appellee amended the appellant's charge of Driving Under Suspension, to Driving Without a Valid License, a minor misdemeanor, because appellant had obtained a valid license since the time of his arrest. Appellee also amended, after review of its case, appellant's charge of Hindering/Obstructing an Officer to Disorderly Conduct, also a minor misdemeanor.

**{¶9}** On September 30, 2010, after plea negotiations, appellee dismissed the Disorderly Conduct charge, and appellant entered no contest pleas to the amended charge of Driving Without a Valid License and Failing to Signal Before Changing Course.

**{¶10}** Appellant has timely appealed, raising the following assignments of error:

**{¶11}** "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING APPELLANT'S MOTION TO SUPPRESS AS THE APPELLANT'S PAT DOWN SEARCH AND SEIZURE WAS UNCONSTITUTIONAL BECAUSE OF THE PROLONGED DETENTION AND INABILITY TO CITE SPECIFIC ARTICULABLE FACTS OF SOME OTHER CRIMINAL ACTIVITY.

**{¶12}** "II. THE TRIAL COURT ERRED IN ITS FINDING OF FACT THAT THERE WAS A REASONABLE ARTICULATE SUSPICION FOR THE STOP OF APPELLANT'S VEHICLE."

## I & II

**{¶13}** In his First Assignment of Error, appellant cites as error the trial court's decision to overrule his motion to suppress the evidence. Specifically, he contends that the officer did not have a reasonable suspicion based upon articulable facts. In his Second Assignment of Error appellant maintains that the trial court erred in finding the

Officer had a reasonable, articulable suspicion to stop the appellant. Appellant's First and Second Assignments of Error raise common and interrelated issues; therefore, we will address the arguments together.

{¶14} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 154-155, 797 N.E.2d 71, 74, 20030-Ohio-5372 at ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. See *State v. Dunlap* (1995), 73 Ohio St.3d 308, 314, 652 N.E.2d 988; *State v. Fanning* (1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583. Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. See *Burnside,* supra; *Dunlap,* supra; *State v. Long* (1998), 127 Ohio App.3d 328, 332, 713 N.E.2d 1; *State v. Medcalf* (1996), 111 Ohio App.3d 142, 675 N.E.2d 1268. However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. See *Burnside,* supra, citing *State v. McNamara* (1997), 124 Ohio App.3d 706, 707 N.E.2d 539; See, generally, *United States v. Arvizu* (2002), 534 U.S. 266, 122 S.Ct. 744; *Ornelas v. United States* (1996), 517 U.S. 690, 116 S.Ct. 1657. That is, the application of the law to the trial court's findings of fact is subject to a *de novo* standard of review *Ornelas*, supra. Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas*, supra at 698, 116 S.Ct. at 1663.

{¶15} Appellant's two assignments of error relate to the propriety of the trial court's overruling of his motion to suppress. Specifically, he contends that the officer did not have a reasonable suspicion based upon articulable facts to stop appellant.

{¶16} In *Whren v. United States* (1996), 517 U.S. 806, the United States Supreme Court held:

{¶17} "The temporary detention of a motorist upon probable cause to believe that he has violated the traffic laws does not violate the Fourth Amendment's prohibition against unreasonable seizures, even if a reasonable officer would not have stopped the motorist absent some additional law enforcement objective." *Whren* at 1771.

{¶18} Less than one month later, the Ohio Supreme Court reached a similar decision in *City of Dayton v. Erickson* (1996), 76 Ohio St. 3d 3, 665 N.E.2d 1091. In *Erickson,* the Court stated:

{¶19} "Where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity." Id. at syllabus.

{¶20} Based on the above, neither the United States Supreme Court nor the Ohio Supreme Court considered the severity of the offense as a factor in determining whether the law enforcement official was justified in stopping a motorist. In fact, the Ohio Supreme Court stated that " * * * we conclude that where an officer has an articulable reasonable suspicion *or* probable cause to stop a motorist for any criminal

violation, including a minor traffic violation, the stop is constitutionally valid *regardless of the officer's underlying subjective intent or motivation for stopping the vehicle in question*." (Emphasis added.) Id. at 11-12, 665 N.E.2d 1091. See, also, *State v. Rice*, Fifth Dist. No. 2005CA00242, 2006-Ohio-3703 at ¶33-34; *State v. Rice* (Dec. 23, 1999), 5th Dist. No. 99CA48. The Ohio Supreme Court has emphasized that probable cause is not required to make a traffic stop; rather the standard is reasonable and articulable suspicion. *State v. Mays*, 119 Ohio St.3d 406, 894 N.E.2d 1204, 2008-Ohio-4538 at ¶ 23. If an officer's decision to stop a motorist for a criminal violation, including a traffic violation, is prompted by a reasonable and articulable suspicion considering all the circumstances, then the stop is constitutionally valid. *State v. Mays*, supra at ¶ 8.

**{¶21}** In this case, the trial court reduced its specific factual findings to writing. The judge is in the best position to determine the credibility of witnesses, and her conclusion in this case is supported by competent facts. See *State v. Burnside* (2003), 100 Ohio St.3d 152, 154-55, 797 N.E.2d 71, 74. The fundamental rule that weight of evidence and credibility of witnesses are primarily for the trier of fact applies to suppression hearings as well as trials. *State v. Fanning* (1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583, 584. The Officer's testimony represents competent, credible evidence that appellant failed to use his turn signal. Further, a video recording of the stop was admitted into evidence during the suppression hearing. The trial court found that the video evidence demonstrated appellant failed to use his turn signal when turning from Brown Street to Tuscarawas Street. The video evidence also represents competent, credible evidence that appellant failed to use his turn signal when turning from Brown Street to Tuscarawas Street.  Therefore, the factual finding of the trial court that

appellant failed to use a turn signal when turning from Brown Street to Tuscarawas Street is not clearly erroneous.

{¶22} At the hearing on his motion to suppress appellant testified that he was leaving a credit union on Sixth Street and drove to Brown Street. At Brown Street, he made a left turn and was proceeding to Tuscarawas Street. Appellant further testified that he stopped at the stop sign at Fourth Street and Brown Street and proceeded to Tuscarawas Street. He testified he used his turn signal 30 to 50 feet in advance of the stop sign at Tuscarawas Street. Appellant further testified that he made a right turn into the right curb lane and was not traveling in the left lane. The defense also called Dr. Bernard Richards as an expert witness. Dr. Richards is a retired physics professor. He has testified on numerous occasions as to the subject of accident reconstruction. Dr. Richards testified that he observed the video of the stop of appellant's vehicle and believed he observed appellant use a turn signal on the video.

{¶23} While appellant and his expert witness testified that appellant had used his turn signal, the trial judge was free to review the video evidence as well as the testimony. The trial judge, as the trier of fact, is free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. In this case the trial court reviewed the video evidence and specifically concluded that the evidence demonstrated that appellant did not use a right hand turn signal before turning from Brown Street onto Tuscarawas Street.

{¶24} Reviewing courts should accord deference to the trial court's decision concerning the credibility of the witnesses because the trial court has had the opportunity to observe the witnesses' demeanor, gestures, and voice inflections that

cannot be conveyed to us through the written record, *Miller v. Miller* (1988), 37 Ohio St. 3d 71. In *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 81, 461 N.E.2d 1273, the Ohio Supreme Court explained: "[a] reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." See, also *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212 syllabus 1; .*State v. Fry*, 125 Ohio St.3d 163, 926 N.E.2d 1239, 2010-Ohio-1017 at ¶ 146.

**{¶25}** After a thorough review of the record in appellant's case including the video from the police cruiser marked as Plaintiff's Exhibit 1, we accept the trial court's conclusion that appellant's violation of the traffic laws gave Officer Hothem reasonable suspicion to stop appellant's vehicle. The factual findings made by the trial court are supported by competent and credible evidence. Thus, the trial court did not err when it denied appellant's motion to suppress on the basis that the initial stop of his vehicle was valid. *State v. Busse*, Licking App. No. 06 CA 65, 2006-Ohio-7047 at ¶ 20.

**{¶26}** Appellant's First and Second Assignments of Error are overruled.

**{¶27}** For the reasons stated in the foregoing opinion, the judgment of the Canton Municipal Court, Stark County, Ohio is affirmed.

By Gwin, P.J.,

Farmer, J., and

Edwards, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. SHEILA G. FARMER

_____

HON. JULIE A. EDWARDS

WSG:clw 0504

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
                   Plaintiff-Appellee  :
                                       :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
RONALD W. HARRIS                       :
                                       :
                                       :
               Defendant-Appellant     :          CASE NO. 2010-CA-00288


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio is affirmed. Costs to appellant.


_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JULIE A. EDWARDS