[Cite as *State v. Elkins*, 2017-Ohio-5554.]

stCOURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J.<br>Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellee | |
| -vs- | Case Nos. 2016 CA 00191 and<br>2016 CA 00195 |
| AARON BRADY ELKINS | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Alliance Municipal Court, Case Nos. 2016 CRB 698 and 2016 TRC 01157 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 26, 2017 |

APPEARANCES:

For Plaintiff-Appellee

CAITLYN R. SCHNEIDER
ASSISTANT PROSECUTOR
470 East Market Street
Alliance, Ohio 44601

For Defendant-Appellant

JEFFREY R. JAKMIDES
325 East Main Street
Alliance, Ohio 44601

EDWARD J.MACK
TZANGAS, PLAKAS & MANNOS
220 Market Avenue South, 8th Floor
Canton, Ohio 44702

*Wise, John, J.*

{¶1}   Appellant Aaron Brady Elkins appeals his conviction and sentence for Underage Consumption, OVI (breath), and Turning at Intersections following a plea of no contest in the Alliance Municipal Court.

{¶2}   Appellee is the State of Ohio.

STATEMENT OF THE FACTS

{¶3}   This matter arises from a traffic stop which resulted in Appellant Aaron Brady Elkins being charged with violations of Alliance Codified Ordinance 313.04 Lane Use Control Signals Over Individual Lanes, and Ohio Revised Code §4511.19(A)(1)(d) OVI and §4511.19(A)(1)(a) OVI. (Supp. T. at 8-9, 14). Appellant was also charged with Underage Consumption under a different case number. *Id.* All of the charges arose as a result of a traffic stop that occurred in the City of Alliance, Stark County, Ohio, on April 24, 2016. *Id.*

{¶4}   On the evening of April 24, 2016, Officer Christian Tussey was working as the OVI grant officer in the City of Alliance and observed Appellant enter the Taco Bell parking lot in what he considered to be beyond a reasonable rate of speed and then make contact with a cement barrier in that parking lot. Officer Tussey testified at a suppression hearing that he considered these actions to be reckless, therefore he watched the vehicle. He noticed that no one exited the vehicle and, after a short while, the vehicle pulled out of the parking lot and went around the business to get to State Street, rather than simply exiting directly from the parking lot to get to that same street. Officer Tussey then observed Appellant make a left-hand turn onto State Street where, instead of sticking to the inside lane, he drove directly to the outside lane of travel without signaling a lane

change. Officer Tussey testified that from his understanding of the law, motorists making a left-hand turn onto a four-lane road need to remain in the inside lane and then use the appropriate signal to merge into the curb lane.

{¶5} Officer Tussey initially cited Appellant with a violation of Alliance City Ordinance 313.04 Lane-Use Control Signals. This section relates to traffic control signal indications and permitted lane travel.

{¶6} Appellant was arraigned on April 27, 2016.

{¶7} On June 22, 2016, Appellant filed a Motion to Suppress and Dismiss.

{¶8} On July 20, 2016, a hearing was held on said motion.

{¶9} At the commencement of the suppression hearing, the prosecutor made a preliminary motion to amend the charge that was the subject of the hearing. Her motion asked the court to amend the charge from Alliance City Ordinance 313.04 to Alliance City Ordinance 331.14 Signals Before Changing Course, Turning Or Stopping. (Supp. T. at 7).

{¶10} No objection was lodged by defense counsel, and the motion was granted by the trial court.

{¶11} Officer Tussey testified at the suppression hearing that the basis for his stop was his belief that Mr. Elkins failed to properly signal where required (Supp. T. at 13-14).

{¶12} During the suppression hearing, there were numerous remarks from both the prosecutor and the police officer regarding rules for changing lanes in a turn. It is not clear from the record whether Officer Tussey understood that there was a city ordinance dealing with this aspect of traffic law, but it is clear that he initiated the traffic stop and wrote his citation for an alleged failure to use turn signals. (Supp. T. at 14).

**{¶13}** Near the end of the suppression hearing, the trial court made a remark to both parties referencing another section of the Alliance Codified Ordinances which he stated might also be relevant to the matter. He stated:

Alright. And the basis of the ticket is he didn't signal a lane change. Mr. Jakmides has cited that in his brief and you've argued that before the Court. The Court is going to take the matter under advisement, but I would ask you all to have a quick look at Three Thirty-One One Oh. If anyone wants to submit any supplemental arguments for the Court, take that into consideration as well I'm gonna spend some time tomorrow, hopefully drafting up a decision by the Court. Okay. Anything else, Madam Prosecutor? (Supp. T. at 20-21).

**{¶14}** By Judgment Entry filed August 18, 2016, the trial court denied Appellant's motion to suppress, stating:

For purposes of clarity, the Court does not find sufficient reasonable articulable suspicion for the cited violation of A.C.O. 313.04 or the amended citation of A.C.O. 331.14. Nevertheless, although the officer cited the wrong code section, the officer's stop of the Defendant's vehicle was proper. The Court also notes that the State has, after the conclusion of the hearing, filed a second motion to amend the citation to be a violation of A.C.O. 331.10. This second motion to amend will be taken under consideration for review at the next pretrial. (August 18, 2016, Judgment Entry at 5-6).

**{¶15}** The State's second Motion to Amend was filed on August 18, 2016. According to the time-stamps, the motion to amend was filed immediately after the trial court's judgment entry, with both reflecting a 10:04 a.m. time-stamp.

**{¶16}** On September 21, 2016, another pre-trial was held. At this time, the second Motion to Amend filed by the State of Ohio was granted. On this day, Appellant entered a plea of no contest to Underage Consumption, OVI (breath), and Turning at Intersections Additionally, Appellant preserved his right to appeal the Court's ruling on the Motion to Suppress. (Plea T. at 5).

**{¶17}** It is from this conviction and sentence Appellant now appeals, raising the following errors for review:

<u>ASSIGNMENTS OF ERROR</u>

**{¶18}** "I. THE STATE OF OHIO DID NOT ESTABLISH THE TRAFFIC STOP WAS SUPPORTED BY REASONABLE, ARTICULABLE SUSPICION BECAUSE UNDER ALLIANCE CODIFIED ORDINANCE 331.10(A)(2), THE STATE WAS REQUIRED TO SHOW THAT IT WAS PRACTICABLE FOR APPELLANT TO TURN INTO THE CENTER LANE RATHER THAN THE CURB LANE, DESPITE HIS NEAR IMMEDIATE RIGHT TURN.

**{¶19}** "II. AS INDICATED IN THE TRIAL COURT'S JUDGEMENT ENTRY, NEITHER THE ORIGINAL NOR THE FIRST AMENDED CHARGE SUPPORTED A FINDING OF PROBABLE CAUSE. THE TRIAL COURT'S DECISION TO DENY THE MOTION TO SUPPRESS ON THE ASSUMPTION THAT THE CHARGE WOULD BE AMENDED ERRONEOUSLY RELIED ON AN AMENDMENT THAT HAD NOT YET BEEN FILED WHEN THE JUDGEMENT ENTRY WAS WRITTEN, AND HAS THE

APPEARANCE OF COMING AS A RESULT OF THE SUGGESTION OF THE TRIAL COURT JUDGE AT THE SUPPRESSION HEARING."

**I., II.**

**{¶20}** In his Two Assignments of Error, Appellant claims the trial court erred in denying his motion to suppress and finding that he did not have standing to challenge the warrantless search of his vehicle.  We disagree.

*Standard of Review*

**{¶21}** There are three methods of challenging on appeal a trial court's ruling on a motion to suppress.  First, an appellant may challenge the trial court's findings of fact.  In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence.  *State v. Fanning* (1982), 1 Ohio St.3d 19; *State v. Klein* (1991), 73 Ohio App.3d 485; *State v. Guysinger* (1993), 86 Ohio App.3d 592.  Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact.  In that case, an appellate court can reverse the trial court for committing an error of law.  *State v. Williams* (1993), 86 Ohio App.3d 37.  Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress.  When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case.  *State v. Curry* (1994), 95 Ohio App.3d 93; *State v. Claytor* (1993), 85 Ohio App.3d 623; *Guysinger*.  As the United States Supreme Court held in *Ornelas v. U.S.* (1996), 116 S.Ct. 1657, 1663, "…as a

general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

*The Traffic Stop*

**{¶22}** The Ohio Supreme Court has emphasized that probable cause is not required to make a traffic stop; rather, the standard is reasonable and articulable suspicion. *State v. Mays,* 119 Ohio St.3d 406, 2008-Ohio-4358, 894 N.E.2d 1204, ¶ 23. Reasonable suspicion constitutes something less than probable cause. *State v. Carlson* (1995), 102 Ohio App.3d 585, 590. The propriety of an investigative stop must be viewed in light of the totality of the circumstances. *State v. Bobo* (1988), 37 Ohio St.3d 177, paragraph one of the syllabus. In a situation where the officer has observed a traffic violation, the stop is constitutionally valid. *Dayton v. Erickson* (1996), 76 Ohio St.3d 3, 9, 665 N.E.2d 1091. In sum, " ' * * * if an officer's decision to stop a motorist for a criminal violation, including a traffic violation, is prompted by a reasonable and articulable suspicion considering all the circumstances, then the stop is constitutionally valid.' " *State v. Adams,* 5th Dist. Licking No. 15 CA 6, 2015–Ohio–3786, ¶ 23, quoting *State v. Mays,* 119 Ohio St.3d 406, 894 N.E.2d 1204, 2008–Ohio–4539, ¶ 8. Further, neither the United States Supreme Court nor the Ohio Supreme Court considered the severity of the offense as a factor in determining whether the law enforcement official had a reasonable, articulable suspicion to stop a motorist. *Whren v. United States*, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); *City of Dayton v. Erickson*, 76 Ohio St.3d 3, 665 N.E.2d 1091 (1996).

**{¶23}** In the case at bar, the record establishes Officer Tussey first observed Appellant pull in to the Taco Bell parking lot at a high rate of speed, strike a concrete

barrier, sit in his car in the parking lot without ever exiting the vehicle, circle the building, and then make a wide left turn onto State Street into the curb lane, rather than the inside lane. The officer testified that he believed the wide turn onto State Street was a violation of Alliance City Ordinance 331.14 Signals Before Changing Course, Turning or Stopping, (initially cited improperly as ACO 313.04).

**{¶24}** Alliance City Ordinance 331.14 SIGNALS BEFORE CHANGING COURSE, TURNING OR STOPPING, reads:

> (a) No person shall turn a vehicle or move right or left upon a highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided. When required, a signal of intention to turn or move right or left shall be given continuously during not less than the last l 00 feet traveled by the vehicle before turning.

**{¶25}** It is well-established that an officer's reasonable articulable suspicion does not require proof beyond a reasonable doubt that the defendant's conduct has satisfied the elements of the offense. *State v. Willis,* 5th Dist. Licking No. 14 CA 103, 2015–Ohio–3739, ¶ 25, citing *Westlake v. Kaplysh,* 118 Ohio App.3d 18, 20, 691 N.E.2d 1074 (8th Dist.1997)

**{¶26}** Based on the above facts, the trial court found that the officer had a reasonable, articulable suspicion to stop Appellant. The judge is in the best position to determine the credibility of witnesses, and his conclusion in this case is supported by competent facts. *See State v. Burnside,* 100 Ohio St.3d 152, 154-55, 797 N.E.2d 71, 74 (2003). The fundamental rule that weight of evidence and credibility of witnesses are

primarily for the trier of fact applies to suppression hearings as well as trials. *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583, 584 (1982).

**{¶27}** The officer's testimony represents competent, credible evidence that Appellant had committed traffic violations, albeit not the one mistakenly cited by the officer or as amended by the prosecutor. Therefore, the factual finding of the trial court is not clearly erroneous.

**{¶28}** We accept the trial court's conclusion that the officer's belief that Appellant had committed a violation of the traffic laws gave the officer reasonable suspicion to stop Appellant's vehicle because the factual findings made by the trial court are supported by competent and credible evidence. Thus, the trial court did not err when it denied Appellant's motion to suppress on the basis that the initial stop of his vehicle was valid. *State v. Busse*, 5th Dist. No. 06 CA 65, 2006-Ohio-7047, ¶ 20.

**{¶29}** We further find, upon review of the trial court's judgment entry, that the trial court does not state that its decision is based on an amendment of the citation or an assumption that the citation would be amended. Rather, the decision was based on the facts as set forth above. The actual language in the entry notes that the State had filed a second motion to amend the charge and that such would be taken into consideration at the next pretrial.

**{¶30}** While we cannot explain why the motion to amend is time-stamped after the trial court's judgment entry, we do not find same to be significant to our determination of the issues in this appeal.

**{¶31}**  Accordingly, Appellant's Assignments of Error are overruled.

**{¶32}**  For the reasons stated in the foregoing opinion, the judgment of the Alliance

Municipal Court, Stark County, Ohio, is affirmed.

By: Wise, John, J.

Gwin, P. J., and

Hoffman, J., concur.


JWW/d 0616