OPINION
{¶ 1} Appellant, Richard A. Duncan ("appellant"), appeals the judgment of the Franklin County Court of Common Pleas, which affirmed the decision of appellee, Ohio Liquor Control Commission ("Commission"), in denying appellant's application for a liquor permit. For the following reasons, we affirm.
 {¶ 2} On October 18, 2002, appellant applied for a D-5 liquor permit at a strip mall in Middlefield, Ohio. According to a July 14, 2006 report, an investigative officer for *Page 2 
the Ohio Department of Commerce, Division of Liquor Control ("Division"), went to inspect the property, which is located at 15561 West High Street. The officer asked appellant to give a specific location within the strip mall where he would be using the license, and appellant refused. Appellant even went so far as to call the Division and notify them that he would not be answering the officer's questions. Later, after meeting with the strip mall's owner, the officer learned that, while appellant previously had the right of first refusal on one of the units, it had expired three years prior to the inspection, and appellant was not currently a tenant.
 {¶ 3} Appellant did allow inspection at 15570 West High Street, which is another location for which he has applied for a permit. The permit for that property had been denied and was awaiting appeal at the time of the inspection for the permit at issue here.
 {¶ 4} The Division sent letters to appellant on three separate dates, July 20, 2006, August 31, 2006, and October 11, 2006, requesting that he provide a $100 processing fee, a financial verification worksheet with supporting documents, and proof of tenancy at the mall. On December 7, 2006, the Division rejected appellant's application.
 {¶ 5} Appellant appealed the Division's order, and the Commission held a hearing. During the hearing, the officer testified about his visit with appellant and appellant's lack of cooperation. He also testified to appellant's failure to respond to the Division's document requests, which were necessary to process the license. At this hearing, appellant never denied that he failed to cooperate, nor did he deny ignoring the Division's document requests. *Page 3 
 {¶ 6} On October 5, 2007, the Commission issued an order affirming the Division's order and denying appellant's application. Appellant filed an appeal to the trial court, which affirmed the denial.
 {¶ 7} Appellant filed this appeal and asserts the following assignment of error:
 THE COMMISSIONS ORDER IS CONTRARY TO LAW, UNREASONABLE, ARBITRARY AND UNLAWFUL, AND NOT SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIVE EVDIENCE. (ALSO DISCRIMINATORY). ALSO, THE COURT OF COMMON PLEAS AFFIRMING SUCH IS ERROR.
(Sic.)
 {¶ 8} In an administrative appeal, pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with the law. In applying this standard, the court must "give due deference to the administrative resolution of evidentiary conflicts." Univ. of Cincinnativ. Conrad (1980), 63 Ohio St.2d 108, 111.
 {¶ 9} The Ohio Supreme Court has defined reliable, probative, and substantial evidence as follows:
 * * * (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.
Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570,571. (Footnotes omitted.)
 {¶ 10} On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the *Page 4 
evidence. Rossford Exempted Village School Dist. Bd. of Edn. v. StateBd. of Edn. (1992), 63 Ohio St.3d 705, 707. In reviewing the court of common pleas' determination that the Commission's order was supported by reliable, probative, and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its discretion. Roy v. Ohio State Med. Bd. (1992), 80 Ohio App.3d 675, 680. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. However, on the question whether the Commission's order was in accordance with the law, this court's review is plenary. Univ. Hosp.,Univ. of Cincinnati College of Medicine v. State Emp. RelationsBd. (1992), 63 Ohio St.3d 339, 343.
 {¶ 11} After considering the testimony of the investigative officer, as well as the communication between appellant and the Commission, the trial court concluded that reliable, probative, and substantial evidence supported the Commission's order and that the order was in accordance with the law. The court stated:
 After review, the court finds no statutory or case law precedent which would prohibit the Commission's actions in this matter. Appellant has willfully * * * failed to provide information and the processing fee for his application for the permit application. Appellant has also purposely filed the multiple applications for permits. There is nothing that would require the Commission to delay action on his permit. * * *
This court is limited to determining whether the trial court abused its discretion in affirming the Commission's order. We find that the trial court did not abuse its discretion, and we affirm its decision. *Page 5 
 {¶ 12} Appellant's arguments are unclear, but he appears to be asserting the notion that to allow the Commission to consider the application at issue here would be adverse to him because it could potentially render him liable on more than one lease. Additionally, he believes there is a possibility that R.C. 4303.09 could be violated due to its limitations on the number of permits allowed for the population. We fail to see, however, how either of these concerns could be problematic because appellant has been unable to show that he has a tenancy or the right to tenancy required for eligibility under R.C. 4303.18.
 {¶ 13} R.C. 4303.18 provides the specific requirements for issuance of a D-5 liquor permit, as follows:
 Permit D-5 may be issued to the owner or operator of a retail food establishment or a food service operation * * * that operates as a restaurant or night club * * * to sell beer and any intoxicating liquor at retail * * * and to sell the same products in the same manner and * * * as may be sold by holders of D-1 and D-2 permits. * * *
R.C. 4301.01(B)(14) defines a "nightclub" as "a place operated for profit, where food is served for consumption on the premises." R.C. 4301.01(B)(12) defines a "restaurant" as "a place located in a permanent building provided with space and accommodations wherein, in consideration of the payment of money, hot meals are habitually prepared, sold, and served at noon and evening, as the principal business * * * [excluding] pharmacies, confectionery stores, lunch stands, night clubs, and filling stations." This court has recently held, in Caf É Napoli Partnership v. Ohio State Liquor ControlComm., Franklin App. No 06AP-1055, 2007-Ohio-3210, ¶ 18, that the ownership or operation of a restaurant or nightclub is a requirement that must be fulfilled before the issuance of a permit: *Page 6 
 * * * Pursuant to R.C. 4303.18, a D-5 permit "may be issued to the owner or operator" of a licensed retail food establishment or food service operation "that operates as a restaurant or night club for purposes of this chapter" to allow the sale of beer and intoxicating liquor under the conditions set forth in R.C. 4303.18. * * * [A]ppellant was required to be the owner or operator of a licensed retail food establishment or a food service operation licensed under R.C. Chapter 3717. * * *
(Emphasis added.) Here, appellant has failed to show that he is either the owner or operator of a night club or restaurant at the 15561 property at issue. He has failed and refused to show either that he is a current tenant or that he has a valid exclusive right of tenancy to a night club or restaurant.
 {¶ 14} Under R.C. 4303.292(A)(1)(c), "[t]he division of liquor control may refuse to issue * * * any retail permit issued under this chapter if it finds * * * [t]hat the applicant * * * [h]as misrepresented a material fact in applying to the division for a permit." On his application, appellant represented that he either owned or was operating a nightclub or restaurant at 15561 West High Street. Since making this representation, however, appellant has not been able to show that he owns or operates either of the required establishments at that location.
 {¶ 15} In addition to not owning or operating a night club or restaurant, appellant was uncooperative with the investigation. Ohio Adm. Code 4301:1-1-12(A) states: "No class * * * D permit * * * shall beissued by the division until the division has conducted a completeexamination, including inspection of the premises, and the division finds that the applicant and the location meet all of the requirements imposed by law and rules." (Emphasis added.) By refusing to allow the officer to inspect the property, appellant disqualified that location from consideration for a D-5 permit. The officer could not *Page 7 
adequately inspect the property to ensure that it met the standards established in R.C. 4303.292 because appellant refused to show the officer the specific restaurant or nightclub where the permit was to be used. After the initial refusal to allow inspection, appellant continued to refuse written requests for a financial verification worksheet with supporting documents, proof of tenancy at the mall, and the payment of a $100 processing fee.
 {¶ 16} There is no need for us to address the issue of potentially awarding appellant multiple permits. The trial court found reliable, probative, and substantial evidence supporting the Commission's denial of the permit application at issue here under R.C. 4303.292(A)(1)(c) and Ohio Adm. Code 4301:1-1-12(A) and that the denial was in accordance with the law. The trial court did not abuse its discretion in upholding the Commission's order.
 {¶ 17} For the foregoing reasons, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BRYANT and GREY, JJ., concur.
GREY, J., retired of the Fourth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1