OPINION
{¶ 1} Appellant, Richard A. Duncan, appeals from a judgment of the Franklin County Court of Common Pleas affirming an order of appellee, Ohio State Liquor Control Commission ("commission"), that affirmed an order of the Superintendent of the Division of Liquor Control granting appellant's application for a Class D-1-2-3 permit and denying *Page 2 
his application for a Class D-5 permit. Because (1) appellant is not entitled to two permits for the same premises, and (2) estoppel does not apply, we affirm.
 {¶ 2} In 2001, appellant requested a Class D-1-2-3 permit and a Class D-5 permit for 15570 West High Street in Middlefield, Ohio. The Division of Liquor Control, Department of Commerce ("division") ultimately notified appellant that he was seeking two permits with equivalent privileges for the same location. Because the division will not allow a permit holder to own two permits in those circumstances, the division, by letter of May 25, 2006, asked appellant to cancel one request or the other. Appellant filed a "Request to Cancel" form, canceling his request for a D-5 permit on condition the division issue the D-1-2-3 permit; the division issued a D-1-2-3 permit to appellant and then a D-3A permit. As a result being granted the D-1-2-3-3A permit, appellant possessed all the privileges he would have had with both a D-1-2-3 permit and a D-5 permit.
 {¶ 3} Unsatisfied with the permits the division granted, appellant filed two separate notices of appeal. One appealed the commission's granting him a D-1-2-3 permit; the other appealed the commission's refusal to grant a D-5 permit. Following an evidentiary hearing, the commission issued separate orders mailed October 25, 2006 affirming the division's orders and dismissing appellant's appeals. The commission followed with amended orders mailed on October 30, 2006 and November 1, 2006 that determined appellant's appeals to be moot and dismissed them.
 {¶ 4} Pursuant to R.C. 119.12, appellant appealed to the common pleas court. On August 29, 2007, the common pleas court issued a Decision and Entry that determined appellant's appeal to be premature because the commission failed to serve certified copies of its orders on appellant. Per the common pleas court's judgment, the *Page 3 
commission mailed certified copies of the orders to appellant, who again appealed to the common pleas court. After the parties briefed the issues, the court determined appellant's appeal concerning the D-1-2-3-3A permit was frivolous and his appeal of the D-5 permit was moot. Accordingly, the common pleas court affirmed the commission's two orders, finding both that substantial, reliable and probative evidence supports them, and that they are in accordance with law.
 {¶ 5} Appellant appeals, assigning the following errors:
 1st ASSIGNMENT OF ERROR — THE COMMISSION[']S ORDER AND THE COURT[']S AFFIRMING SUCH IS CONTRARY TO LAW, UNREASONABLE, ARBITRARY AND UNLAWFUL, AND NOT SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIVE EVIDENCE AND NOT IN ACCORDANCE WITH LAW (also discriminatory), AS DUNCAN HAD TWO SEPERATE [sic] PERMIT PREMISES TO ACCOMODATE [sic] EACH SET OF PERMITS.
 2nd ASSIGNMENT OF ERROR — DUNCAN CANNOT BE PREJUDICED FOR DISMISSING HIS D-5 PERMIT AS HE DID SO UNDER PROTEST.
 3rd ASSIGNMENT OF ERROR — THE DIVISION IS ESTOPPED FROM DENYING DUNCAN A D-5 PERMIT AT HIS PREMISES.
 4th ASSIGNMENT OF ERROR — THERE IS NO APPEAL ON A CLASS D-1-3A LICENSE.
 {¶ 6} Because appellant's assigned errors are interrelated, we address them jointly. Together they raise these issues: (1) whether appellant is entitled to two liquor permits for the divided premises at 15570 West High Street in Middlefield, Ohio ("permit premises"), and (2) whether estoppel precludes the division from limiting him to one permit for the permit premises. *Page 4 
 {¶ 7} Under R.C. 119.12, when a common pleas court reviews an order of the administrative agency, the common pleas court must consider the entire record to determine whether the agency's order is supported by reliable, probative and substantial evidence and is in accordance with law. Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 110-111. The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.'" Provisions Plus, Inc. v. Ohio Liquor ControlComm., Franklin App. No. 03AP-670, 2004-Ohio-592, at ¶ 7, quotingLies v. Veterinary Med. Bd. (1981), 2 Ohio App.3d 204. In its review, the common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, but the findings of the agency are not conclusive. Conrad, supra.
 {¶ 8} By contrast, an appellate court's review is more limited.Provisions Plus, at ¶ 8, citing Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619. The appellate court determines whether the trial court abused its discretion. Id. Absent an abuse of discretion, the appellate court may not substitute its judgment for that of the administrative agency or the common pleas court. Id. An appellate court, however, has plenary review of purely legal questions. Id.
I. Two Permits {¶ 9} Appellant's first issue contends the commission erred in concluding the division could limit appellant to one permit for the permit premises. Because appellant divided the permit premises to accommodate the D-1-2-3-3A permit on one side and a *Page 5 
D-5 permit on the other side, he asserts he is entitled to two permits for the same premises.
 {¶ 10} This court addressed similar facts in Victoria Station v.Liquor Control Comm. (Apr. 19, 1977), Franklin App. No. 76AP-937. In that case, Victoria Station asserted the commission wrongly denied it a D-3 permit where Victoria Station already had D-5 and D-6 permits. Victoria Station contended the commission's decision was "predicated only upon an unwritten policy of the Liquor Control Commission and, therefore, is invalid." Id. Rejecting Victoria Station's argument, this court concluded "[i]t is not unreasonable or unlawful for the Liquor Control Commission to deny issuance of an additional permit to a premises which already possesses a permit to carry on the business involved." Explaining, we stated that "[t]he law does not contemplate the issuance of two separate and distinct permits authorizing the carrying on of the same business at the same location. Victoria Stationhas not demonstrated any right to the issuance of the D-3 permit. * * *It already has a D-5 which grants the same and substantially more rightsthan the D-3." (Emphasis added.) Id.
 {¶ 11} Similarly, here, the commission acted neither unreasonably nor unlawfully in limiting appellant to a D-1-2-3-3A permit for the permit premises when issuing an additional D-5 permit would afford appellant no added privileges. Indeed, at the hearing before the commission, one of the commissioners inquired of appellant at some length about his reasons for wanting a D-5 permit for the permit premises when the D-1-2-3-3A permit issued to him granted him all the rights a D-5 permit would provide. Appellant could offer no reasonable explanation for his request. Not only would the extra permit provide appellant no additional rights for the permit premises, but the practice of issuing *Page 6 
two permits for the same permit premises would undermine the commission's authority to implement the quota system of permits under Ohio law.
 {¶ 12} Appellant nonetheless contends Painesville Raceway v. Dept. ofLiquor Control (1980), 70 Ohio App.2d 219, demands a different result.Painesville, however, addresses a different issue, as it involved one location over which different applicants had exclusive control for only a portion of the year. In Painesville, the appellate court determined the Department of Liquor Control could issue more than one permit for the location to different applicants. Here, appellant wants more than one permit for the same location to the same applicant.
 {¶ 13} To the extent appellant's appeal challenges the D-1-2-3-3A permit issued to him, appellant was granted what he requested. We agree with the common pleas court that the appeal is frivolous: appellant received all he asked for regarding the D-1-2-3-3A permit, and no issue remains to be resolved.
 {¶ 14} To the extent the appeal contends appellant improperly was coerced to surrender his rights to a D-5 permit in exchange for the D-1-2-3-3A permit issued to him, the record does not support his contention. Appellant's request to cancel contains his own handwriting that advises: "Please cancel [the D-5 permit request] on the condition that the D-1-2-3 is issued and I'll pickup Friday." The form further notes that appellant's "position is that the Division led me to believe earlier that I could place both of these at this location." Rather than a protest, the written notation suggests an explanation for why appellant requested two permits for the same premises. In any event, the record reflects that the division unquestionably indicated it would grant one or the other, but not both, of the permits appellant requested. Having appropriately placed appellant's choices before him, *Page 7 
the division properly could require appellant to choose the permit application he would cancel. Even if he cancelled the D-5 permit under protest, his actions are unavailing due to the authority the division has to require such a choice in the circumstances present here.
II. Estoppel {¶ 15} Appellant contends that, even if the division, in some circumstances, could require him to choose between the D-1-2-3-3A permit and the D-5 permit for the permit premises, the division is estopped from denying him the D-5 permit under the facts present here. According to appellant, those facts reveal that, while his permit requests were pending, appellant consistently communicated with division personnel about his plan to divide the permit premises and to use one permit for the tavern portion of the premises and the other permit for the restaurant section.
 {¶ 16} Appellant's contentions suffer factual and legal deficiencies. Initially, the record does not support appellant's suggestion that the division assured him he would receive both the D-1-2-3-3A permit and the D-5 permit if he divided the premises into two sections. While the record contains drawings with appellant's comments on them, the record does not reflect any commitment on the division's part to issue all requested permits if the permit premises were divided. Moreover, appellant's argument in essence claims the division is estopped to deny his request for a D-5 permit. Estoppel, however, does not apply to the state when it exercises a governmental function. Because the division undisputedly was performing a governmental function in regulating and issuing liquor permits, appellant's estoppel argument is unavailing. SeeOhio State Bd. of Pharmacy v. Frantz (1990), 51 Ohio St.3d 143, 145-146. *Page 8 
 {¶ 17} In the final analysis, appellant can show no prejudice from the division's decisions. He received the D-1-2-3-3A permit he requested. Although he cancelled the D-5 permit requested for the same permit premises, the granted permit allows him all the rights a D-5 permit would provide. Accordingly, we overrule appellant's four assignments of error and affirm the judgment of the common pleas court.
Judgment affirmed.
 McGRATH, P.J., and KLATT, J., concur. *Page 1