[Cite as *Tres Amigos, Inc. v. Ohio Liquor Control Comm.*, 2014-Ohio-5047.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Tres Amigos, Inc., | : | |
| Appellant-Appellant, | : | |
| | : | No. 14AP-309 |
| v. | : | (C.P.C. No. 13CV-12330) |
| Ohio Liquor Control Commission, | : | (REGULAR CALENDAR) |
| Appellee-Appellee. | : | |

D E C I S I O N

Rendered on November 13, 2014

*Coolidge Wall Co., L.P.A.*, and *Daniel J. Gentry*, for appellant.

*Michael DeWine*, Attorney General, and *Charles E. Febus*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Appellant, Tres Amigos, Inc. ("appellant"), appeals the March 18, 2014 judgment entry of the Franklin County Court of Common Pleas that affirmed the October 18, 2013 order issued by appellee, Ohio Liquor Control Commission ("the Commission"). For the reasons that follow, we affirm the judgment of the trial court.

**I. Facts and Procedural History**

{¶ 2} On July 12, 2010, appellant applied to the Department of Commerce, Division of Liquor Control (the "Division"), for a new Class D-1-2-3-3A-6 liquor permit at a property located at 29 E. Franklin Street in Centerville, Ohio ("the property"), which was owned by E&E Properties, Inc. ("E&E"). Since 1991 and at all times relevant to these proceedings, Mike & Lou, Inc. ("Mike & Lou"), operated a business and possessed a liquor permit at the property.

{¶ 3} On March 2 and October 24, 2011, the Division requested by certified mail that appellant submit a date for a final inspection of the property. On July 31, 2012, the Division mailed appellant a decision denying appellant's application for a permit because appellant: (1) was not the owner or operator of a restaurant at the property; (2) was unable to operate a restaurant at the property because it does not have tenancy at the property; (3) failed to cooperate with the Division in its investigation by failing to schedule, complete, and pass a final inspection; and (4) was preventing the next applicant in line from having a permit considered.

{¶ 4} Appellant appealed the decision of the Division to the Commission. The Commission held a hearing on October 11, 2013. On October 18, 2013, the Commission mailed appellant its order affirming the July 31, 2012 decision of the Division. On November 8, 2013, appellant, pursuant to R.C. 119.12, appealed to the Franklin County Court of Common Pleas. On March 18, 2014, the court filed an entry affirming the Commission's October 18, 2013 order.

## II. Assignment of Error

{¶ 5} Appellant appeals, assigning a single error for our review:

> The trial court erred by affirming the decision of the Ohio Department of Liquor Control denying liquor permits to Tres Amigos because Ohio law does not require Tres Amigos to have exclusive, present possession of the Location in order to qualify for a permit.

{¶ 6} Pursuant to R.C. 119.12, a common pleas court reviewing an order of an administrative agency must affirm the order if, upon consideration of the entire record, the order is in accordance with law and is supported by reliable, probative, and substantial evidence. *Our Place, Inc. v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571 (1992); *Colon v. Ohio Liquor Control Comm.*, 10th Dist. No. 09AP-325, 2009-Ohio-5550, ¶ 8. To be reliable, the evidence must be dependable, i.e., that there is a reasonable probability that the evidence is true. *Our Place, Inc.* at 571. To be probative, the evidence must tend to prove the issue in question. *Id.* To be substantial, the evidence must have some weight, i.e., it must have importance and value. *Id.*

{¶ 7}   "The common pleas court's 'review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court "must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof." ' " *Colon* at ¶ 8, quoting *Lies v. Ohio Veterinary Med. Bd.*, 2 Ohio App.3d 204, 207 (1st Dist.1981), quoting *Andrews v. Bd. of Liquor Control*, 164 Ohio St. 275, 280 (1955). Although the reviewing court must "give due deference to the administrative agency's resolution of evidentiary conflicts, the findings of the agency are not conclusive." *Colon* at ¶ 8, citing *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 111 (1980).

{¶ 8}   On appeal to an appellate court, the standard of review is even more limited. "In reviewing the court of common pleas' determination that the Commission's order was supported by reliable, probative, and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its discretion." *Duncan v. Liquor Control Comm.*, 10th Dist. No. 08AP-242, 2008-Ohio-4358, ¶ 10, citing *Roy v. Ohio State Med. Bd.*, 80 Ohio App.3d 675, 680 (10th Dist.1992). Abuse of discretion connotes more than an error of law or judgment; rather, it implies that the trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Nonetheless, an appellate court does have plenary review of purely legal questions in an administrative appeal. *Colon* at ¶ 9, citing *Big Bob's, Inc. v. Ohio Liquor Control Comm.*, 151 Ohio App.3d 498, 2003-Ohio-418, ¶ 15 (10th Dist.).

{¶ 9}   Here, the Division in its July 31, 2012 decision found that appellant was not the owner or operator of a restaurant at the property and, further, was unable to conduct a restaurant business because it did not have tenancy at the address. In support of these findings, the Division stated:

> On June 3, 1991, the former Department of Liquor Control issued a D-2-2x-3-3A-6 liquor permit to Mike & Lou, Inc., 29 East Franklin St., Centerville, Ohio. This permit remains in full force and effect.
>
> Investigations conducted by the Division revealed that Mike & Lou, Inc. is in control of the liquor permit business operating at 29 East Franklin St., Centerville, Ohio under the liquor permit described above.

(July 31, 2012 Decision, at 2.) Because there was already a business with a liquor permit operating at the property for which appellant sought a new permit, the Division concluded that appellant was precluded from obtaining a permit for the property.

{¶ 10} Appellant does not contest the Division's finding that Mike & Lou were in control of a liquor permit business operating at the property. Instead, appellant argues that, although it was not in control of the business operating on the property, it possessed sole tenancy rights to the property pursuant to a lease agreement with E&E after E&E terminated its prior lease of the property to Mike & Lou. However, due to a dispute between E&E and Mike & Lou over the termination of their leasing agreement, Mike & Lou refused to vacate the property pending adjudication of the dispute. As a result, appellant was unable to establish its business and permit the Division to make an inspection.

{¶ 11} Appellant contends that it does not need exclusive, present possession of the property to qualify for a liquor permit under R.C. Chapter 4303. To support this contention, appellant relies on the holding in *Painesville Raceway, Inc. v. Dept. of Liquor Control*, 70 Ohio App.2d 219 (8th Dist.1980), which, in a split decision, held that "[w]here the holder of a liquor permit issued by the Department of Liquor Control for a specified location does not have the legal right to exclusive, year-round possession of the premises at such location, the provisions of R.C. Chapter 4303 do not prohibit the Department of Liquor Control from issuing a second liquor permit for that location to another applicant for periods during the year when such applicant is entitled to exclusive possession of the same premises." *Id.* at paragraph three of the syllabus. As we have previously recognized, *Painesville* concerned the application of a liquor license at a horse racing facility, a location at which different applicants had exclusive control over the same space for only a portion of the year. *Duncan v. Ohio State Liquor Control Comm.*, 10th Dist. No. 08AP-236, 2008-Ohio-4550, ¶ 12.

{¶ 12} Here, however, appellant sought a new permit for a location exclusively occupied by another business that possessed a license and was continuing to operate from the location. The record fails to reflect that appellant has at any point in time occupied the

property in question or possessed control over the space. As a result, the principles articulated in *Painesville* are inapplicable here. *Duncan* at ¶ 12.

{¶ 13} Pursuant to R.C. 4303.13, 4303.14, 4303.15, 4303.16, and 4303.182, the permits sought by appellant may only be issued to the "owner or operator * * * of a retail food establishment or a food service operation licensed pursuant to Chapter 3717 of the Revised Code that operates as a restaurant for purposes of this chapter" at the location for which the permit is sought.[1] R.C. 4301.01(B)(12) defines a "restaurant" as "a place located in a permanent building provided with space and accommodations wherein, in consideration of the payment of money, hot meals are habitually prepared, sold, and served at noon and evening, as the principal business * * * [excluding] pharmacies, confectionery stores, lunch stands, night clubs, and filling stations." We have previously held that the ownership or operation of a restaurant is a prerequisite to the issuance of the types of permits sought by appellant.[2] *Duncan* at ¶ 13; *Café Napoli Partnership v. Ohio State Liquor Control Comm.*, 10th Dist. No. 06AP-1055, 2007-Ohio-3210, ¶ 18.

{¶ 14} Although appellant argued throughout the proceeding that it was the holder of tenancy rights for the location in question, the Division found that appellant was not the owner or operator of a restaurant at the property. Appellant at no point during the underlying proceeding demonstrated that it owned or operated a business at the location for which it sought the permit. Appellant asserted at the hearing before the Commission that it reached an agreement with Mike & Lou to transfer all of Mike & Lou's assets at the property, including the existing liquor permit possessed by Mike & Lou, but noted that the agreement was not finalized. However, the existence of such an agreement to transfer the existing liquor permit undercuts appellant's rationale for continuing to seek a new permit

---

[1] We note that R.C. 4303.16, which pertains to D-3A permits, respectively, does not contain the quoted language, but depends on the issuance of a D-3 permit under R.C. 4303.15, which contains the quoted requirement. Similarly, R.C. 4303.182, pertaining to D-6 permits, does not contain the quoted language, but depends upon the issuance of one of the permits provided in R.C. 4303.13, 4303.14, 4303.15, or 4303.16.

[2] Although our prior decisions in *Duncan* and *Café Napoli Partnership v. Ohio State Liquor Control Comm.,* 10th Dist. No. 06AP-1055, 2007-Ohio-3210, held that the ownership or operation of a restaurant is a prerequisite to the issuance of a liquor permit in the context of D-5 and D-6 permits, the statutory language underlying the requirement in those cases is also present in the statutory sections dealing with the types of permit at issue in this case. *Compare* R.C. 4303.13, 4303.14, 4303.15 *with* R.C. 4303.18. As a result, we find the holdings of those cases to be applicable here.

for the same location before the Commission. Appellant admitted that, if the transfer between Mike & Lou was approved and "the permits are actually transferred, then there would be nothing else that would need to be done. The existing permits would be transferred to [appellant], and we would have no reason to go forward on this application." (Oct. 11, 2013 Tr. 8-9.) Regardless, the ultimate outcome of appellant's agreement with Mike & Lou is immaterial to the underlying legal issue in the present proceeding. Appellant does not dispute that it never owned or operated a restaurant at the property. As a result, appellant did not meet the qualifications for the issuance of permits under applicable law. *Duncan* at ¶ 13; *Café Napoli* at ¶ 18.

{¶ 15} The trial court also considered evidence that appellant failed to cooperate with the investigation. Ohio Adm.Code 4301:1-1-12 provides that "No class * * * D permit * * * shall be issued by the division until the division has conducted a complete examination, including inspection of the premises, and the division finds that the applicant and the location meet all of the requirements imposed by law and rules." The Division requested by certified mail sent to appellant's authorized representative that appellant submit a date for a final inspection. Despite the Division's repeated requests to appellant to schedule a date for a final inspection, appellant failed to schedule, complete, and pass a final inspection in the two-year period from appellant's application to the Division's decision denying the application. In sum, the evidence in the record sustains the trial court's conclusion that reliable, substantial, and probative evidence supports the Commission's order.

{¶ 16} Because appellant does not contest that it never owned or operated a business at the property, and because it failed to schedule, complete, and pass a final inspection, we conclude that the trial court did not abuse its discretion in finding that reliable, substantial, and probative evidence supported the Commission's order and that such order was in accordance with law because appellant failed to qualify under the statutory provisions relating to the issuance of the permits sought. Accordingly, we overrule appellant's single assignment of error.

## III. Disposition

{¶ 17} Having overruled appellant's single assignment of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

**TYACK and CONNOR, JJ., concur.**

_____