[Cite as *State v. Swint*, 2019-Ohio-1607.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 2018 CA 00115 |
| ALEXANDER SWINT | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Canton Municipal
                                  Court, Case No.  2018 TRC 1737


JUDGMENT:                         Affirmed


DATE OF JUDGMENT ENTRY:           April 29, 2019


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

KRISTEN BATES-AYLWARD                     AARON KOVALCHIK
CANTON LAW DIRECTOR                       116 Cleveland Avenue, NW
JASON P. REESE                            Suite 808
CANTON CITY PROSECUTOR                    Canton, Ohio  44702
BEAU WENGER
ASSISTANT PROSECUTOR
218 Cleveland Avenue, SW
Canton, Ohio  44702

*Wise, J.*

**{¶1}** Appellant Alexander Swint appeals his conviction for operating a vehicle while impaired, marked lanes violation, and speeding, following a plea of no contest in the Canton Municipal Court.

**{¶2}** Appellee is the State of Ohio.

## STATEMENT OF THE FACTS

**{¶3}** This matter arises from a traffic stop which resulted in Appellant being charged with violations of OVI, marked lanes and speeding:

**{¶4}** On March 4, 2018, at 1:36 a.m., Ohio State Highway Patrol Trooper Evan Hill was traveling east on 12th Street in the city of Canton, when he observed Appellant's vehicle pull out of a parking lot onto 12th Street, also traveling east. About the same time, another vehicle turned onto 12th Street going east between the trooper's vehicle and Appellant's vehicle. As all three vehicles traveled on 12th street, the trooper saw the vehicle in front of him maintain its lane of travel while Appellant's vehicle crossed over to the other lane of travel. The trooper observed Appellant's vehicle's tail lights "go way to the left" of the center line. Shortly after the violation, the vehicle in between turned off of 12th Street, which then allowed the trooper to observe Appellant's vehicle accelerate away from him at a rate which he perceived to be above the 35 mph speed limit. The trooper then activated his in-car radar to pace Appellant's speed at 50 mph. After the trooper caught up to Appellant, he pulled Appellant over for the marked-lanes violation and the speeding violation.

**{¶5}** As a result of the stop, Appellant was charged with one count of OVI, in violation of R.C. §4511.19(A)(1)(D) and R.C. §4511.19(A)(1)(A), speeding, in violation of

R.C. §4511.21, and  Left of Center, in violation of R.C. §4511.25.

{¶6}   A suppression hearing was held on June 29, 2017, concerning the issue of whether or not there was reasonable and articulable suspicion for the stop of Appellant's vehicle.   At the hearing, Trooper Evan Hill testified that he made a traffic stop of Appellant at 12th St. and Gibbs Avenue. (Supp. T. at 5). Trooper Hill stated that he believed Appellant was operating his vehicle left of center because Appellant's tail light was not in line with another vehicle's taillight that was between Appellant and Trooper Hill. (Supp. T. at 5). Trooper Hill further stated that he believed Appellant was traveling left of center because the vehicle that was between him and Appellant was traveling in a straight line. (*Id.*). Trooper Hill also testified that he paced Appellant's vehicle traveling at 50 mph in a 35 mph zone. (*Id.*). Upon cross-examination Trooper Hill testified that Appellant immediately got back in his lane after being left of center. (Supp. T. at 11). Trooper Hill further admitted that he did not use his radar to determine the speed of Appellant's vehicle. (*Id*).

{¶7}   Appellant also testified at the Suppression Hearing. Appellant testified that he did not operate his vehicle left of center. (Supp. T. at 15). Appellant further testified that his vehicle could not have been going over 50 mph because it was having mechanical difficulties that prevented it from reaching such speed. (*Id.*).

{¶8}   By Judgment Entry filed June 29, 2018, the trial court overruled Appellant's Motion to Suppress.

{¶9}   On July 10, 2018, Appellant entered a plea of No Contest.

{¶1}   It is from this conviction Appellant now appeals, raising the following error for review.

ASSIGNMENT OF ERROR

{¶2}  "I. THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION TO SUPPRESS."

**I.**

{¶3}  In his sole assignment of error, Appellant claims the trial court erred in denying his motion to suppress. We disagree.

*Standard of Review*

{¶4}  There are three methods of challenging on appeal a trial court's ruling on a motion to suppress.  First, an appellant may challenge the trial court's findings of fact.  In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence.  *State v. Fanning* (1982), 1 Ohio St.3d 19; *State v. Klein* (1991), 73 Ohio App.3d 485; *State v. Guysinger* (1993), 86 Ohio App.3d 592.  Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact.  In that case, an appellate court can reverse the trial court for committing an error of law.  *State v. Williams* (1993), 86 Ohio App.3d 37.  Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case.  *State v. Curry* (1994), 95 Ohio App.3d 93; *State v. Claytor* (1993), 85 Ohio App.3d 623; *Guysinger*.  As the United States Supreme Court held in *Ornelas v. U.S.* (1996), 116 S.Ct. 1657, 1663, "…as a

general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

*The Traffic Stop*

{¶5} The Ohio Supreme Court has emphasized that probable cause is not required to make a traffic stop; rather the standard is reasonable and articulable suspicion. *State v. Mays,* 119 Ohio St.3d 406, 2008-Ohio-4358, 894 N.E.2d 1204, ¶ 23. Reasonable suspicion constitutes something less than probable cause. *State v. Carlson* (1995), 102 Ohio App.3d 585, 590. The propriety of an investigative stop must be viewed in light of the totality of the circumstances. *State v. Bobo* (1988), 37 Ohio St.3d 177, paragraph one of the syllabus. In a situation where the officer has observed a traffic violation, the stop is constitutionally valid. *Dayton v. Erickson* (1996), 76 Ohio St.3d 3, 9, 665 N.E.2d 1091. In sum, " ' * * * if an officer's decision to stop a motorist for a criminal violation, including a traffic violation, is prompted by a reasonable and articulable suspicion considering all the circumstances, then the stop is constitutionally valid.' " *State v. Adams,* 5th Dist. Licking No. 15 CA 6, 2015–Ohio–3786, ¶ 23, quoting *State v. Mays,* 119 Ohio St.3d 406, 894 N.E.2d 1204, 2008–Ohio–4539, ¶ 8. Further, neither the United States Supreme Court nor the Ohio Supreme Court considered the severity of the offense as a factor in determining whether the law enforcement official had a reasonable, articulable suspicion to stop a motorist. *Whren v. United States*, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89(1996); *City of Dayton v. Erickson*, 76 Ohio St.3d 3, 665 N.E.2d 1091(1996).

{¶6} In the case at bar, the record establishes that the trial court had before it the testimony of Trooper Hill, who stated that he witnessed Appellant drive his vehicle "way

to the left" and beyond the double yellow center line. (Supp. T. at 6). He further stated that he was able to see the taillights of Appellant's vehicle to the left of the tail lights of the vehicle travelling between them. (Supp. T. at 9).

{¶7}  It is well-established that an officer's reasonable articulable suspicion does not require proof beyond a reasonable doubt that the defendant's conduct has satisfied the elements of the offense. *State v. Willis,* 5th Dist. Licking No. 14 CA 103, 2015–Ohio–3739, ¶ 25, citing *Westlake v. Kaplysh,* 118 Ohio App.3d 18, 20, 691 N.E.2d 1074 (8th Dist.1997)

{¶8}  Based on the above facts, the trial court found that the officer had a reasonable, articulable suspicion to stop the Appellant. The judge is in the best position to determine the credibility of witnesses, and his conclusion in this case is supported by competent facts.  *See State v. Burnside,* 100 Ohio St.3d 152, 154-55, 797 N.E.2d 71, 74 (2003).  The fundamental rule that weight of evidence and credibility of witnesses are primarily for the trier of fact applies to suppression hearings as well as trials.  *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583, 584 (1982).

{¶9}  The officer's testimony represents competent, credible evidence that Appellant had committed these traffic violations, therefore, the factual finding of the trial court is not clearly erroneous.

{¶10} We accept the trial court's conclusion that the officer had reasonable suspicion to stop Appellant's vehicle because the factual findings made by the trial court are supported by competent and credible evidence.  Thus, the trial court did not err when it denied Appellant's motion to suppress on the basis that the initial stop of his vehicle was valid.  *State v. Busse*, 5th Dist. No. 06 CA 65, 2006-Ohio-7047, ¶ 20.

**{¶11}**  Accordingly, Appellant's sole assignment of error is overruled.

**{¶12}**  For the reasons stated in the foregoing opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.


By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.


JWW/d 0424