[Cite as *Niese Holdings Ltd., L.L.C. v. Ohio Liquor Control Comm.*, 2022-Ohio-3896.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Niese Holdings Ltd., LLC, | : | |
| Appellant-Appellee, | : | No. 22AP-123 |
| | | (C.P.C. No. 20CV-5819) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Liquor Control Commission, | : | |
| Appellee-Appellant. | : | |

D E C I S I O N

Rendered on November 1, 2022

**On brief:** *Mayle LLC*, and *Andrew R. Mayle*; *Dickinson Wright PLLC*, and *Chelsea L. Canaday*, for appellee Niese Holdings Ltd., LLC. **Argued:** *Andrew R. Mayle.*

**On brief:** *Dave Yost*, Attorney General, and *Christine L. Staab*, for appellant Ohio Liquor Control Commission. **Argued:** *Christine L. Staab.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, P.J.

{¶ 1} Appellant, Ohio Liquor Control Commission ("commission"), appeals from a judgment of the Franklin County Court of Common Pleas reversing an order of the commission finding that appellee, Niese Holdings Ltd., LLC ("Niese Holdings"), violated Ohio Adm.Code 4301:1-1-52(B)(1) ("Rule 52"), and ordering a 20-day suspension of Niese Holdings' liquor permit. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} Niese Holdings, a liquor permit holder, operates a bar located at 225 Erie Street, Put-in-Bay, Ohio. In July 2020, the Ohio Department of Public Safety, Investigative Unit, notified Niese Holdings of its finding that the bar had violated R.C. 4301.66, by

hindering or obstructing an enforcement agent's inspection of permit premises, and Rule 52, by improperly allowing disorderly activities on the permit premises. On August 19, 2020, the commission held a telephonic hearing on the alleged violations.

{¶ 3}  As pertinent to this appeal, the following evidence was presented at the hearing before the commission. On July 3, 2020, Haley Wade and Stephanie Bowman, two liquor enforcement agents of the Investigative Unit, were dispatched to Put-in-Bay, at the direction of the governor's office, to ensure that there was proper social distancing and mask-wearing at liquor permit premises pursuant to Ohio Department of Health orders. At approximately 4:35 p.m. that day, Wade and Bowman arrived at the 225 Erie Street bar, and they observed very little social distancing and no mask-wearing by the bar patrons. The bar security guard was not entirely cooperative with the enforcement agents and initially disputed their authority to engage in investigative conduct on the premises. Neither Wade nor Bowman spoke with any bar patron during their visit. Based on their observations at the bar and interaction with its security guard, the agents issued the charging notice to Niese Holdings alleging the violations set forth above.

{¶ 4}  Gary Trentman, an infectious disease control consultant and registered nurse for the Ohio Department of Health, Bureau of Infectious Diseases, testified regarding the COVID-19 pandemic, including how this disease easily spreads from person to person and the corresponding importance of mitigating the risk of its transmission. Trentman was not at the 225 Erie Street bar on July 3, 2020. But upon reviewing photographs of the circumstances witnessed at the bar by agents Wade and Bowman, Trentman testified that "with a crowd that large, yes, it is reasonable to assume that at least one to two people at the very low end would be COVID positive, if not more." (Aug. 19, 2020 Tr. at 51.)  He characterized this as presenting a risk of physical harm to bar patrons.

{¶ 5}  Two days after the hearing, the commission issued an order finding that Niese Holdings did not violate R.C. 4301.66, but that it did violate Rule 52.  Based on the violation finding, the commission ordered a 20-day suspension of Niese Holdings' liquor permit. Niese Holdings appealed the commission's order to the trial court, which reversed the order upon finding no reliable, probative, and substantial evidence that Niese Holdings violated Rule 52.

{¶ 6}  The commission timely appeals to this court.

## II. Assignment of Error

{¶ 7}   The commission assigns the following error for our review:

> The trial court erred and abused its discretion when it held that the Liquor Control Commission's order was not supported by reliable, probative, and substantial evidence and was not in accordance with the law.

## III. Standard of Review

{¶ 8}   Pursuant to R.C. 119.12, a common pleas court reviewing an order of an administrative agency must affirm the order if, upon consideration of the entire record, the order is in accordance with law and is supported by reliable, probative, and substantial evidence. *Our Place, Inc. v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571 (1992); *Colon v. Ohio Liquor Control Comm.*, 10th Dist. No. 09AP-325, 2009-Ohio-5550, ¶ 8. To be reliable, the evidence must be dependable, i.e., that there is a reasonable probability that the evidence is true. *Our Place, Inc.* at 571. To be probative, the evidence must tend to prove the issue in question. *Id.* To be substantial, the evidence must have some weight, i.e., it must have importance and value. *Id.*

{¶ 9}   "The common pleas court's 'review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court "must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof." ' " *Colon* at ¶ 8, quoting *Lies v. Ohio Veterinary Med. Bd.*, 2 Ohio App.3d 204, 207 (1st Dist.1981), quoting *Andrews v. Bd. of Liquor Control*, 164 Ohio St. 275, 280 (1955). Although the reviewing court must "give due deference to the administrative agency's resolution of evidentiary conflicts, the findings of the agency are not conclusive." *Colon* at ¶ 8, citing *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 111 (1980).

{¶ 10}   On appeal to an appellate court, the standard of review is more limited. In reviewing the court of common pleas' determination as to whether the commission's order was supported by reliable, probative, and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its discretion. *Duncan v. Liquor Control Comm.*, 10th Dist. No. 08AP-242, 2008-Ohio-4358, ¶ 10, citing *Roy v. Ohio State Med. Bd.*, 80 Ohio App.3d 675, 680 (10th Dist.1992). An abuse of discretion connotes a

decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Nonetheless, an appellate court does have plenary review of purely legal questions in an administrative appeal. *Colon* at ¶ 9, citing *Big Bob's, Inc. v. Ohio Liquor Control Comm.*, 151 Ohio App.3d 498, 2003-Ohio-418, ¶ 15 (10th Dist.).

## IV. Discussion

{¶ 11} In its sole assignment of error, the commission asserts the trial court erred in reversing the commission's order finding that Niese Holdings violated Rule 52. This assignment of error is not well-taken.

{¶ 12} Pursuant to R.C. 4301.25(A), the commission is authorized to suspend or revoke the permit of anyone found to be in violation of any of the applicable restrictions of R.C. Chapters 4301 and 4303 or any lawful commission rule. Rule 52 provides that "no permit holder, his agent, or employee shall knowingly or willfully allow in and upon his licensed permit premises any persons to * * * [e]ngage in any disorderly activities." For the purpose of this rule, "disorderly activities" are defined as "those that harass, threaten or physically harm another person including threats or other menacing behavior, fighting, assaults and brawls or any violation as defined by section 2917.11 of the Revised Code." Ohio Adm.Code 4301:1-1-52(A)(1). As pertinent here, R.C. 2917.11(A)(5), which prohibits "disorderly conduct," states: "[n]o person shall recklessly cause inconvenience, annoyance, or alarm to another by * * * [c]reating a condition that is physically offensive to persons or that presents a risk of physical harm to persons or property, by any act that serves no lawful and reasonable purpose of the offender."

{¶ 13} The commission concluded that Niese Holdings violated Rule 52 by knowingly or willfully allowing persons to engage in disorderly activities, proscribed by R.C. 2917.11(A)(5), on the permit premises. The trial court determined that the commission erred because the record lacks reliable, probative, and substantial evidence to support the violation finding. In challenging this determination, the commission asserts evidence demonstrated that Niese Holdings took no action to ensure that bar patrons properly used face masks and social distanced in accordance with applicable COVID-19 health orders. The commission, noting the evidence of the dangerousness and contagiousness of COVID-19 at the time of the violation, and the likely presence of patrons who were COVID-19 positive, contends that this allowance caused inconvenience, annoyance, or alarm to

persons throughout Ohio, if not to bar patrons, and it also created a risk of physical harm to persons.

{¶ 14} In *I Love This Bar, LLC v. Ohio Liquor Control Comm.*, 10th Dist. No. 21AP-111, 2022-Ohio-3509, this court addressed and resolved essentially the same dispositive issue that is currently before us. In that case, the appellant alleged the trial court erred in affirming a commission order finding the bar in violation of Rule 52 based on bar patrons engaging in disorderly conduct under R.C. 2917.11(A)(5). As in this case, enforcement agents testified that they observed an absence of mask-wearing and social distancing at the bar, and Trentman testified concerning COVID-19, including this disease's infectiousness and means of transfer. The commission argued in part that this testimony reasonably demonstrated inconvenience, annoyance, or alarm to persons. This court rejected this argument and further noted that the enforcement agents were on the bar premises to generally investigate compliance with COVID-related health orders, not in response to any complaint. *Id.* at ¶ 23. Therefore, this court found that the record contained no evidence of inconvenience, annoyance, or alarm to anyone on the premises, as necessary to demonstrate disorderly conduct under R.C. 2917.11(A)(5). *Id.* at ¶ 24. In the absence of such evidence, "the commission could not rely on R.C. 2917.11(A)(5) as the basis for a Rule 52 violation." *Id.*

{¶ 15} The same reasoning applies here. Trentman testified regarding the dangerousness of COVID-19, including its transmissibility and the importance of taking mitigating steps to slow the spread of this disease. Additionally, the enforcement agents testified that they were not dispatched to the 225 Erie Street bar in response to a patron's complaint. Instead, they arrived in Put-in-Bay at the direction of the governor's office to investigate and ensure compliance with COVID-related health orders. The enforcement agents further testified that they observed very little social distancing and no mask-wearing by the bar patrons. Pursuant to *I Love this Bar*, this evidence did not demonstrate, either directly or circumstantially, that anyone at the 225 Erie Street bar was inconvenienced, annoyed, or alarmed, in connection with the little to no mask-wearing and social distancing. And in the absence of such evidence, the commission could not rely on R.C. 2917.11(A)(5) as the basis for a finding that Niese Holdings violated Rule 52.

{¶ 16} Therefore, we conclude the trial court properly held that the commission's Rule 52 violation order was not supported by reliable, probative, and substantial evidence. Because the trial court did not err in reversing the order of the commission, we overrule the commission's sole assignment of error.

## V. Disposition

{¶ 17} Having overruled the commission's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and MENTEL, JJ., concur.

_____