OPINION
 {¶ 1} Appellant, Slammers Grill Bar, LLC, dba Soupies Grill Bar, operates a D-5, D-6 permit in Norwood, Ohio. The city of Norwood adopted a resolution on April 27, 2004, objecting to the renewal of appellant's 2004-2005 license, for the reason that the location is so situated with respect to the neighborhood that substantial interference with public decency, sobriety, peace, or good order would result from the renewal of the permit. The Department of Commerce, Division of Liquor Control ("Division"), overruled the objection and ordered the renewal of appellant's license. The city of Norwood appealed to the Liquor Control Commission ("Commission"), who reversed the order of the Division.
 {¶ 2} Appellant appealed to the Franklin County Court of Common Pleas, who affirmed the Commission's order. Appellant filed a notice of appeal to this court, raising the following assignments of error:
 I. THE FRANKLIN COUNTY COMMON PLEAS COURT ERRED WHEN IT AFFIRMED THE ORDER OF THE LIQUOR CONTROL COMMISSION AND FOUND THAT THE ORDER WAS IN ACCORDANCE WITH LAW BECAUSE THE OBJECTION AND ACCOMPANYING LETTER WERE NOT TIMELY POSTMARKED AND VIOLATED R.C. 4303.271(B).
 II. THE FRANKLIN COUNTY COMMON PLEAS COURT ERRED WHEN IT AFFIRMED THE ORDER OF THE LIQUOR CONTROL COMMISSION AND FOUND THAT THE ORDER WAS SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE.
 {¶ 3} R.C. 119.12 provides the standard of review for the common pleas court, as follows:
 The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. * * *
 {¶ 4} In Lorain City Bd. of Edn. v. State Emp. Relations Bd. (1988),40 Ohio St.3d 257, 260-261, the Ohio Supreme Court set forth the standard of review for an appellate court as follows:
 In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion '* * * implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.' State, ex rel. Commercial Lovelace Motor Freight, Inc., v. Lancaster (1986), 22 Ohio St.3d 191, 193 * * *. Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment. See Rohde v. Farmer (1970), 23 Ohio St.2d 82 * * *.
 {¶ 5} "The fact that the court of appeals, or this court, might have arrived at a different conclusion than did the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." On questions of law, however, the court of appeals review is plenary. Univ. Hosp., Univ. of Cincinnati College ofMedicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339, paragraph one of the syllabus.
 {¶ 6} In its first assignment of error, appellant contends that the common pleas court erred when it affirmed the Commission's order and found that the order was in accordance with law because the objection and accompanying letter were not timely postmarked and violated R.C.4303.271(B), which provides, as follows:
 The legislative authority of the municipal corporation, board of township trustees, or the board of county commissioners of the county in which a permit premises is located may object to the renewal of a permit issued under sections 4303.11 to 4303.183 [4303.18.3] of the Revised Code for any of the reasons contained in division (A) of section 4303.292 [4303.29.2] of the Revised Code. Any objection shall be made no later than thirty days prior to the expiration of the permit and the department shall accept the objection if it is postmarked no later than thirty days prior to the expiration of the permit. The objection shall be made by a resolution specifying the reasons for objecting to the renewal and requesting a hearing, but no objection shall be based upon noncompliance of the permit premises with local zoning regulations which prohibit the sale of beer or intoxicating liquor in an area zoned for commercial or industrial uses, for a permit premises that would otherwise qualify for a proper permit issued by the division. The resolution shall be accompanied by a statement by the chief legal officer of the political subdivision that, in the chief legal officer's opinion, the objection is based upon substantial legal grounds within the meaning and intent of division (A) of section 4303.292
[4303.29.2] of the Revised Code.
 {¶ 7} In Frontier-Embers Supper Club, Inc. v. Bd. of LiquorControl (1960), 112 Ohio App. 325, this court provided guidance on calculating the 30 days under a comparable statute. The one-year period begins at the first instant after midnight and ends at midnight one year later. The deadline is calculated by excluding the first day and including the last day of the period. See id., at 328. In this case, the date printed on the permit is June 1. Thus, the liquor permit began at the first instant after midnight on June 2, 2003, and expired at midnight on June 2, 2004. Consequently, any objection filed by the city of Norwood was required to be postmarked by May 3, 2004. Appellant argues that no evidence of a postmark was filed with the Commission.
 {¶ 8} The city provided an affidavit from the secretary to the city's Clerk of Council stating that she sent a certified copy of the Resolution objecting to the renewal of the liquor license on April 28, 2004 to the Department of Liquor Control. Also, the city submitted a time-stamped copy of the Resolution dated May 3, 2004, indicating that it was received before the deadline. A presumption of timely delivery arises in this case where the affidavit states that the Resolution was mailed before the deadline and the Resolution is time-stamped as received before the deadline. To have been received and time-stamped on May 3, 2004, it must have been mailed prior to that date. There is no need for the actual postmark to demonstrate a timely objection where other evidence indicates it was timely mailed and received. The affidavit and time-stamped copy are sufficient evidence of a timely objection. R.C. 4303.271 does not mandate that the objection be mailed, but, rather, states that, if mailed and postmarked by the due date, the objection shall be accepted. Appellant's first assignment of error is not well-taken.
 {¶ 9} In its second assignment of error, appellant contends that the common pleas court erred when it affirmed the Commission's order finding that the order was supported by reliable, probative, and substantial evidence. Appellant argues that the city failed to provide reliable, probative, and substantial evidence that appellant substantially interfered with the public decency, sobriety, peace, and good order of the neighborhood. In Our Place, Inc. v. Ohio Liquor Control Comm.
(1992), 63 Ohio St.3d 570, 571, the court defined the evidence required by R.C. 119.12, as follows:
 * * * (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.
(Footnotes omitted.)
 {¶ 10} In rejecting appellant's renewal application, the city relied on R.C. 4303.292, which provides, as follows:
 (A) The division of liquor control may refuse to issue, transfer the ownership of, or renew, and shall refuse to transfer the location of any retail permit issued under this chapter if it finds:
 * * *
 (2) That the place for which the permit is sought:
 * * *
 (c) Is so located with respect to the neighborhood that substantial interference with public decency, sobriety, peace, or good order would result from the issuance, renewal, transfer of location, or transfer of ownership of the permit and operation thereunder by the applicant.
 {¶ 11} When interpreting R.C. 4303.292(A)(2)(c), courts focus on the location of the liquor premises rather than the employees who operate the business. Marciano v. Ohio Liquor Control Comm., Franklin App. No. 02AP-943, 2003-Ohio-2023, at ¶ 28. The fact that the permit holder is not directly responsible for resulting environmental problems is not the controlling issue, but, rather, where the business is located.Kamm's Korner Tavern, Inc. v. Liquor Control Comm. (May 24, 2001), Franklin App. No. 00AP-1423; Leo G. Keffalas, Inc. v. Ohio LiquorControl Comm. (1991), 74 Ohio App.3d 650, 654-655.
 {¶ 12} In Buckeye Bar v. Liquor Control Comm. (1972),32 Ohio App.2d 89, the court found that a bar and its patrons' effect on the neighborhood are sufficient grounds for rejection of a liquor license, without the evidence concerning the inside operation of the premises. Also, a renewal application is properly rejected under R.C.4303.292(A)(2)(c), even though the permit holder's operation may not per se cause the illicit activity, because there may be good cause for rejecting the permit application where "it constitutes a breeding ground for a deleterious environment." Harbi Abuzahrieh Co., Inc. v. LiquorControl Comm. (July 22, 1999), Cuyahoga App. No. 74556.
 {¶ 13} In this case, the trial court found the Commission's order was supported by reliable, probative, and substantial evidence. The city presented two witnesses who testified that the sale of alcohol at the permit premises has a negative effect on the surrounding area. The first witness was a sergeant for the City of Norwood Police Department. In 2004, there were 72 dispatch calls related to the permit premises. In addition, there were 139 routine bar checks, which is higher than any other permit premises in the city. (Tr. at 18, 34.) The city generally has five to seven officers on duty at one time and it is not uncommon for five or six officers to have to respond to disturbances at the permit premises for a length of time. This is a strain on the police department. (Tr. at 17-18.)
 {¶ 14} The evidence also demonstrated an adverse effect on crime. The sergeant testified that six or seven times in 2004, officers had to use force, which was pepper spray or a taser. (Tr. at 29.) There were drug-related offenses, including arrests for using cocaine. (Tr. at 34.) Additionally, there were reports including felonious assault, assault, disorderly conduct, open container, DUI, criminal trespass and criminal damaging, and a large problem with underage drinking. (Tr. at 24-27.) The witness testified that, based upon his independent knowledge, as well as a review of the city's exhibits, he believed Soupies has had a negative impact on the surrounding community. (Tr. at 35-36.)
 {¶ 15} The chief of police for Xavier University also testified. He testified that he had personal knowledge of many incidents involving Soupies and Xavier students. The bar is located approximately a ten-minute walk from any of the Xavier dormitories. (Tr. at 126.) Examples of incidents he has investigated involving students were assault, bar fights, disorderly conduct, inebriated students, including times when local life squads were called for potential alcohol poisoning. (Tr. at 117-118.) He believes Soupies targets the 18-21 age group and underage drinking is a big threat. (Tr. at 130-134.) No other establishment has the level of incidents as Soupies. (Tr. at 126.)
 {¶ 16} Appellant provided the final testimony, from a city councilman. He owns a restaurant in the vicinity of Soupies. He admitted that he is on the waiting list for a liquor license and, if two licenses are not renewed, he will be entitled to one. Thus, he abstained from voting on the resolution objecting to the renewal of the license. However, he stated he has witnessed numerous occasions where intoxicated kids stagger out of the bar. (Tr. at 152.)
 {¶ 17} This evidence constitutes reliable, probative, and substantial evidence that appellant substantially interfered with the public decency, sobriety, peace, and good order of the neighborhood. Thus, the common pleas court did not abuse its discretion when relying on this evidence in affirming the Commission's order. Appellant's second assignment of error is not well-taken.
 {¶ 18} For the foregoing reasons, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and TRAVIS, JJ., concur.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.